UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KRISTI VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cv-194 |
| ) | |
| NATIONAL COLLEGIATE STUDENT ) | |
| LOAN TRUST 2006-3, A DELAWARE ) | |
| STATUTORY TRUST, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff Kristi Vaughn alleges several claims under the Fair Debt Collection Practices Act ("FDCPA") related to an outstanding student loan debt. There are several motions pending. Defendants Robin J. Gordon and Scott, Parnell & Associates, P.C. each filed motions to dismiss [Docs. 10, 12] challenging the allegations of the complaint, to which plaintiff did not respond but filed an amended complaint [Doc. 14] pursuant to Fed. R. Civ. P. 15(a)(1)(B). Because the plaintiff's amended complaint supersedes the original complaint, *see In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), the first motions to dismiss filed by defendants Gordon and Scott, Parnell & Associates, P.C. [Docs. 10, 12] will be **DENIED as moot**.

After the plaintiff filed her first amended complaint, defendants Gordon and Scott, Parnell, & Associates, P.C. filed motions to dismiss [Docs. 18, 20] which present the same issue: whether plaintiff's claims are time-barred pursuant to 15 U.S.C. § 1692k(d).

The defendants have filed memoranda in support of their motions [Docs. 19, 21], the plaintiff has responded to both motions [Docs. 23, 24] and the defendants have filed replies [Docs. 28, 29]. Accordingly, these motions are ripe for determination.

I. **Relevant Facts**[1]

Defendant Robin J. Gordon is an attorney with the defendant law firm of Scott, Parnell & Associates, formerly known as Michael J. Scott, P.C. [Doc. 14 at ¶¶ 6—7]. In that capacity, defendant Gordon filed a civil action against plaintiff on behalf of defendant National Collegiate Student Loan Trust 2006-3 in the Circuit Court of Hamblen County, Tennessee, No. 13CV115, on June 6, 2013 (hereinafter the "state court lawsuit") [Doc. 14-1], seeking to recover amounts owed on one or more student loans. Plaintiff was served with the state court lawsuit on June 22, 2013 [Doc. 14-1 at p.1]. The instant case was filed on June 23, 2014, in which plaintiff asserts that the defendants committed "numerous and multiple violations" of the FDCPA arising from the state court lawsuit [Doc. 14 at ¶ 2].

II. **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain

---

[1] For the purposes of a motion to dismiss, the Court takes the factual allegations in the amended complaint [Doc. 14] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

2

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).

The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and a plaintiff is not required to plead the absence of affirmative defenses to state a valid claim. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). However, if the allegations of the complaint affirmatively show that the claim is time-barred, dismissal under Rule 12(b)(6) is appropriate. *Id.* "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run," and "[i]f the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)).

3

### III. <u>Analysis</u>

The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The defendants' motions present a pure question of law: whether the statute of limitations began to run on plaintiff's FDCPA claim when the state court lawsuit was filed or when plaintiff was served with process. If the statute of limitations began to run with the filing of the state court lawsuit on June 6, 2013, then this action, filed on June 23, 2014, is time-barred. If the statute of limitations began to run when plaintiff was served with the state court lawsuit on June 22, 2013, then this action is timely.[2]

The legal issue presented has been resolved both ways. Beginning with *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), a number of courts have held that, when the alleged FDCPA violation is the filing of a lawsuit, the statute of limitations begins to run at the time of filing, rather than at the time of service. *See, e.g., Baker v. Midland Funding, LLC*, No. CV-13-08168-PCT-DGC, 2014 WL 345686, at *1—2 (D. Ariz. Jan. 30, 2014); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1086 (E.D. Cal. 2013); *Lyons v. Michael & Assoc.*, No. 13CV11-LAB (KSC), 2013 WL 4680179, at *2 (S.D. Cal. Aug. 29, 2013); *Collins v. Erin Capital Mgmt., LLC*, 290 F.R.D. 689, 697—98

---

[2]Although this action was filed one year and one day after plaintiff was served with the state court lawsuit, plaintiff notes that the Sixth Circuit has held that "when a filing is required to be made on a Sunday and is made on Monday, it is timely filed." *See Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 167 (6th Cir. 1995). This action was filed on Monday, June 23, 2014; thus, if the cause of action accrued at the time of service, rather than at the time of filing, the plaintiff's claims are timely, a point that the defendants do not dispute.

4

(S.D. Fla. 2013); *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990(RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998). The rationale for this approach derives from the language of the FDCPA, which emphasizes when "the violation *occurred*." 15 U.S.C. § 1692k(d) (emphasis added); *Collins*, 290 F.R.D. at 697. Thus, the focus is on the actions of the debt collector and the filing of the lawsuit is the debt collector's "last opportunity to comply" with the Act. *Naas*, 130 F.3d at 893 (quoting *Mattson v. U.S. West Communications*, 967 F.2d 259, 261 (8th Cir. 1992)). Additionally, the courts note that the date of filing is a date easily ascertainable by both parties. *Id*.

In contrast, a number of courts have followed the Tenth Circuit's approach in *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002), and concluded that the statute of limitations begins to run when the debtor is served with process. *See, e.g., Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 446 (5th Cir. 2013); *Archer v. Aldridge Connors, LLP*, 998 F. Supp. 2d 1360, 1364 (S.D. Fla. 2014); *Lautman v. 2800 Coyle St. Owners Corp.*, No. 13-CV-967 (ARR)(VVP), 2014 WL 2200909, at *5—7 (E.D.N.Y. May 23, 2014); *Anderson v. Gamache & Myers, P.C.*, No. 4:07CV336MLM, 2007 WL 1577610, at *7—8 (E.D. Mo. May 31, 2007). The rationale for this line of cases is outlined in *Johnson*:

> If the debt collector files suit against the FDCPA plaintiff but then elects to call off the process server and abandon the collection suit before the plaintiff has been served, it cannot be said that the abandoned lawsuit constitutes an "attempt to collect" on the debt within the meaning of the FDCPA, 15 U.S.C. § 1692f. . . . Of course, the fact that a party that has committed half an actionable wrong is likely to commit the other half cannot suffice to create a complete and present cause of action. Furthermore, if the limitations clock began to run with service of process rather than with filing suit, somebody in [defendant's] position could

5

> effectively block any action under the federal statute by filing suit and then delaying service. In fact, a delay of service for an entire year (so that the debtor remained unaware of the lawsuit during that time) could cause the limitations period to run out before there was any opportunity for the debtor to bring suit under the FDCPA.

305 F.3d at 1113-14.

The parties acknowledge that the Sixth Circuit has not definitively ruled on this issue. In *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010), the court dismissed an FDCPA claim based on the statute of limitations, but noted that it "need not decide whether the FDCPA incorporates a discovery rule or permits equitable tolling" and that it "need not answer whether the FDCPA's one-year clock started when Unifund filed its suit or when it served Ruth" because the claim was time-barred either way. *Id.*

The Sixth Circuit took up the question in the context of a bankruptcy action in *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455 (6th Cir. 2013). In *Tyler*, the debt collection agency filed suit against the debtor prior to his initiation of Chapter 7 bankruptcy proceedings. *Id.* at 458. However, the debtor was never served with process and therefore he did not list the collection suit on his bankruptcy schedules. *Id.* After his bankruptcy was discharged, the debtor was served with process in the debt collection action. *Id.* The debt collection case was voluntarily dismissed and the debtor then filed suit alleging violations of the FDCPA. *Id.* The Sixth Circuit analyzed whether an actionable FDCPA violation occurred at the time the debt collection case was filed, thus bringing the claim into the bankruptcy estate. *Id.* at 463. The court noted the differing opinions of *Johnson* and *Naas* and commented that, "[a]lthough some of the reasoning in these opinions is helpful, accrual for the purposes of § 541 is different from accrual for

6

statute-of-limitations purposes." *Id*. The court considered the rationale supporting the *Johnson* decision, but concluded "we hold – contrary to *Johnson* – that a violation may occur at filing, and thus Tyler's FDCPA cause of action is pre-petition property of the estate." *Id*.

The *Tyler* court listed several reasons in support of its decision. First, filing a complaint may cause actual harm to the debtor because it could be a red flag to other creditors or anyone who runs a background or credit check. *Id*. at 464. Second, dating the violation to the filing of the action is more easily administrable, as the alternative may be complicated if the proper procedure for service is not followed or if the debtor is not found. *Id*. "The debt collector's procedural failures or the debtor's success in escaping service should not be relevant to the viability of an FDCPA claim." *Id*. Third, the court noted the purpose of the FDCPA is to regulate the actions of debt collectors and there is no reason to protect debt collectors who have filed complaints but not yet served process. *Id*. Finally, the court observed the filing of the complaint is the "root" of the violation, whether or not the claim "matures" during the collection action. *Id*.

In the present case, the plaintiff highlights the unique posture of the issue in *Tyler*, *i.e.*, in the context of a bankruptcy action, and that court's equivocal language that an FDCPA violation "*may*" occur at filing [Doc. 23 at p. 6; Doc. 24 at p. 6]. Using this language and a recent decision from this Court, Plaintiff argues that the discovery rule should apply to this case and that the limitations period begins to run at the time of service. *See Lloyd v. Midland Funding, LLC*, No. 3:12-cv-566-TAV-HBG, 2014 WL 3507363, at *13 (E.D. Tenn. July 14, 2014) (Varlan, J.). Plaintiff also points to another

7

decision from this Court which concluded that due process requires notice and therefore the statute of limitations should run from the date of service. *See Jolley v. RAB Performance Recoveries, LLC, et al.*, No. 2:13-cv-79, slip op. at 4—5 (E.D. Tenn. Oct. 30, 2013) (Greer, J.) (quoting *Duffey v. Pope*, No. 2:11-cv-16, 2012 WL 4442753, at *7-9 (S.D. Ohio Sept. 25, 2012)).

In response, the defendants contend that the *Tyler* court never stated, implied, or suggested that the statute of limitations clock ran from the date of service in a non-bankruptcy context [Doc. 28 at p. 3; Doc. at p. 3]. The defendants contend that the reasons listed by the *Tyler* court for using the date of filing to begin the statute of limitations clock are equally applicable to all FDCPA claims. The defendants argue that a complete reading of the *Lloyd* decision reveals that it held that the discovery rule does not apply to FDCPA claims because "the focus is on the date on which the violation occurs, not on the date on which the violation is known." *Lloyd*, 2014 WL 3507363, at *13 (quoting *Brandon v. Fin. Accounts Servs. Team, Inc.*, 701 F. Supp. 2d 990, 996—97 (E.D. Tenn. 2010)).

In *Lloyd*, the alleged FDCPA violation was the entry of a default judgment against the debtor in a collection action which she did not discover until over a year later. *Id*. at *1. The *Lloyd* court concluded that even circuits that have applied the discovery rule focus on when the plaintiff discovered or could have discovered the violation. *Id*. at *13. Because the alleged violation in *Lloyd* was a public record, the plaintiff could have discovered it and the claim was time-barred. *Id*.

This Court has carefully reviewed all of these decisions. The defendants are correct that the *Lloyd* decision does not endorse the wholesale application of the discovery rule to FDCPA claims as plaintiff suggests. But *Lloyd* did not involve the precise question presented here: whether the statute of limitations begins to run at the time of filing of the underlying suit or at the time of service. The *Lloyd* plaintiff was aware of the pending collection action against her, but because the parties reached a settlement, she believed that the case had been resolved and was unaware of the default judgment entered against her. *Id.* at *1. Thus, the court was not presented with the filing versus service dilemma. In contrast, the *Jolley* decision did involve the issue presented here and the court sided with the rationale outlined in *Johnson*, that is, the statute of limitations is triggered by service of the underlying action.

While persuasive, the undersigned notes that the *Jolley* decision was entered on October 30, 2013, approximately one week prior to the entry of the Sixth Circuit's decision in *Tyler* on November 7, 2013. And while the bankruptcy framework in which the *Tyler* decision arose presents an arguable basis to conclude that it is not binding authority on these facts, the undersigned is simply not at liberty to ignore it. The Sixth Circuit clearly stated its opinion was contrary to the reasoning of *Johnson* and that the FDCPA statute of limitations begins to run at the time of filing, rather than service. 736 F.3d at 463. Applying that rule to these facts, the plaintiff's claims are barred by the one year statute of limitations in 15 U.S.C. §1692k(d). Accordingly, the defendants' motions to dismiss [Docs. 18, 20] will be **GRANTED** and the plaintiff's claims against defendants Gordon and Scott, Parnell & Associates, P.C. will be **DISMISSED**.

9

## IV. Remaining Defendants

The record reflects that defendants National Collegiate Student Loan Trust 2006-3 and NCO Financial Systems, Inc. have filed a motion for judgment on the pleadings [Doc. 30] which is pending. However, this motion does not appear to raise the statute of limitations as discussed *supra*. Further, there is no evidence that defendant Francesca L. Giampiccolo has been served with process and she has made no appearance in this case.

In light of the Court's conclusion that the plaintiff's claims are time-barred, the plaintiff will be directed to show good cause why the claims against the remaining defendants should not also be dismissed as time-barred. The plaintiff will be directed to further show cause why the case against defendant Giampiccolo should not be dismissed for failure to prosecute. Fed. R. Civ. P. 4(m), 41(b). An appropriate order will be entered.

    s/ Thomas W. Phillips  
SENIOR UNITED STATES DISTRICT JUDGE